IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KENT GUNTHARP                                                                                    PLAINTIFF

v.                                                                              CIVIL ACTION NO. 1:07CV265

GLOCK, INC. and GARY FLETCHER                                                      DEFENDANT

## ORDER

This cause comes before the court on defendant Gary Fletcher's motion to dismiss for lack of personal jurisdiction. For the reasons explained below, the court concludes that the motion is well taken and should be granted.

The court would initially note that it seems quite doubtful that plaintiff would be able to establish individual liability under Mississippi law against Fletcher, even if this court had jurisdiction over him. This case is, at its heart, a retaliatory discharge case based on *McArn v. Allied Bruce-Terminix, Inc.*, 626 So. 2d 603, 607 (Miss. 1993), where the Mississippi Supreme Court recognized a public policy exception to the employment-at-will doctrine in cases where an employee is discharged for reporting illegal acts. There seems little doubt that any actions by Fletcher in this case were taken in his capacity as Vice President for Glock, Inc., rather than as an individual. It further seems clear that plaintiff's genuine dispute is with Glock, and it is highly doubtful that plaintiff would be able to impose individual liability against Fletcher based on such dubious theories (in this context) as malicious interference with employment and/or intentional infliction of emotional distress. It therefore seems quite likely that, if Fletcher were not

1

dismissed for lack of personal jurisdiction, he would eventually be dismissed on summary judgment.

Regardless, the court concludes that personal jurisdiction over Fletcher is lacking, for the reasons set forth in his thorough brief and reply brief in support of dismissal. Indeed, plaintiff appears to tacitly concede the validity of the arguments set forth in Fletcher's briefs, since he alternatively seeks for this court to order additional discovery in order to determine "whether [Fletcher] has been truthful regarding his dearth of contacts with the great State of Mississippi." The court finds any such inquiry into Fletcher's truthfulness to be unwarranted, particularly since it is clear that plaintiff's real legal dispute is, to reiterate, with Glock. The court agrees with Fletcher that personal jurisdiction over him is lacking, and his motion to dismiss will therefore be granted.

In light of the foregoing, defendant Fletcher's motion [8-1] to dismiss for lack of personal jurisdiction is granted.

So ordered, this the 15th day of May, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**